**Dorjee Lama SHERPA; Nyimi Lama Sherpa, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–75314.

United States Court of Appeals, Ninth Circuit.

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Jan. 8, 2007.*

Filed Jan. 16, 2007.

Alison Dixon, San Francisco, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Gregory C.J. Lisa, Organized Crime and Racketeering Section, U.S. DOJ/Criminal Division, Washington, DC, for Respondent.

Before: ALARCÓN, HALL and PAEZ, Circuit Judges.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Dorjee Lama Sherpa, and his wife Nyimi Lama Sherpa, are natives and citizens of Nepal. Petitioners seek review of a Board of Immigration Appeals ("BIA") decision affirming the ruling of an Immigration Judge ("IJ") denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

Where, as here, the BIA adopts the IJ's decision and also adds its own reasons, we review both decisions. *See Zhou v. Gonzales,* 437 F.3d 860, 864 (9th Cir.2006). We review for substantial evidence, *Gu v. Gonzales,* 454 F.3d 1014, 1018 (9th Cir. 2006), and we grant the petition in part and remand, and deny in part.

The IJ and BIA found that Sherpa's experiences did not rise to the level of persecution and that the attack he suffered was not on account of a protected ground. Neither of these findings is supported by substantial evidence. The attack clearly rises to the level of persecution. *See Duarte de Guinac v. INS,* 179 F.3d 1156, 1161 (9th Cir.1999) (explaining that this court has consistently found persecution where applicant was physically harmed). Furthermore, because the Maoist rebels clearly targeted Sherpa due to his criticism of them, substantial evidence compels the conclusion that Sherpa was persecuted on account of his political opinion. *See Njuguna v. Ashcroft,* 374 F.3d 765, 770–71 (9th Cir.2004).

Once an applicant demonstrates that he has suffered from past persecution, a rebuttable presumption of a well-founded fear of future persecution arises, and the burden shifts to the government to prove

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

that circumstances have changed such that the applicant does not have grounds for a well-founded fear. *Mamouzian v. Ashcroft*, 390 F.3d 1129, 1135 (9th Cir.2004). Because the IJ and the BIA only considered Sherpa's well-founded fear in the absence of this presumption, we grant and remand this case to allow the agency to determine whether the government has met its burden and to consider whether Sherpa is eligible for asylum and withholding of removal. *See INS v. Ventura*, 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

Substantial evidence supports the denial of Sherpa's CAT claim because he did not establish that it was more likely than not that he would be tortured if he returned to Nepal. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

**PETITION GRANTED in part and REMANDED; DENIED in part.**